# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6172 | **DATE** | 10/10/2002 |
| **CASE TITLE** | GEORGE WEILAND vs. LINEAR CONSTRUCTION, LTD. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendants' motion in limine is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 15 2002 date docketed | 32 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE WEILAND, as Trustee; )
STRUCTURAL IRONWORKERS )
LOCAL NO. 1 PENSION FUND; and )
STRUCTURAL IRONWORKERS NO. 1 )
ANNUITY FUND, )
)  Case No. 00 C 6172
Plaintiffs, )
)  Honorable John W. Darrah
v. )
)
LINEAR CONSTRUCTION, LTD. )
and JJM CONSTRUCTION INC., )
)
Defendants. )

DOCKETED
OCT 1 5 2002

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants', Linear Construction, Ltd. ("Linear") and JJM Construction, Inc.'s, Motion in Limine to bar the testimony of Plaintiffs' - - George Weiland, Trustee; Structural Ironworkers Local No. 1 Pension Fund; and Structural Ironworkers Local No. 1 Annuity Fund's (collectively "Plaintiffs"), witnesses, James Stelzer ("Stelzer"), Kurt David Clausen ("Clausen"), and Michael Hebda ("Hebda"). For the reasons that follow, Defendants' Motion in Limine to bar the testimony of Stelzer, Clausen, and Hebda is denied.

## BACKGROUND

Plaintiffs filed the present action against Defendants in October 9, 2000. On January 2, 2001, Plaintiffs served Defendants with a Request for Production of Documents, which included a request for all payroll and financial records necessary for the audit on Linear. On February 8, 2001, Plaintiffs submitted their Federal Rule of Civil Procedure 26(a)(1)(A) disclosures to Defendants, in

-1-

32

which they identified Randy Huebrich of the accounting firm of Piotrowski & Gebis as a witness with knowledge as to Linear's noncompliance with the audit. The Rule 26 disclosure stated that the computation of damages could not be completed by Plaintiffs' auditors until Linear provided the auditors with access to the necessary records.

On March 1, 2001, Linear objected to Plaintiffs' request for documents and refused to produce any records for work performed subsequent to February 18, 2000, on the grounds that such records were irrelevant. After Plaintiffs filed a motion to compel the production of these records, on April 19, 2001, the Court ordered Linear to produce all records necessary for the audit.

Defendants propounded the following interrogatory in their First Set of Interrogatories to Plaintiffs in April 2001: "Identify each individual you intend to list as either a 'will call' or 'may call' witness in your version of the pre-trial order in this matter." In their answer to this interrogatory, Plaintiffs listed a "Representative of Piotrowski & Gebis" among its list of potential witnesses who would provide "testimony regarding the audit findings". In their answer to Interrogatory No. 9, Plaintiffs stated that the damages included amounts owed for unpaid contributions, liquidated damages, interest, and attorney's fees, and explained that the damages calculation could not be completed until the necessary records for audit had been produced by Defendants.

Plaintiffs subsequently discovered that Linear had ceased to perform work under the collective bargaining agreement with Structural Ironworkers Local No. 1 ("Local No. 1") but that the president of Linear continued to perform similar work through a new company called JJM, incorporated in August 2000. On February 26, 2002, Plaintiffs amended the complaint to add JJM as a co-defendant. Plaintiffs' auditors, Piotrowski & Gebis, audited JJM's payroll and financial

records to determine what amount was owed by JJM for unpaid contributions due to the Structural Ironworkers Local No. 1 Pension Fund and Structural Ironworkers Local No. 1 Annuity Fund ("the Funds") on covered work subsequent to August 2000 through the present.

The president of Linear repeatedly failed to produce the necessary documents required by Piotrowski & Gebis to complete the audit. On May 8, 2002, the Court granted Plaintiffs' motion to compel the documents and to re-depose the president of Linear as the Rule 30 deponent for JJM. Defendants subsequently produced their documents on May 13, 2002, and produced Linear's president for his deposition on May 22, 2002.

In late May 2002, after Defendants produced the outstanding discovery, Plaintiffs tendered a copy of the preliminary JJM audit report to Defendants and Defendants were asked to review the report for jobs not within Local No. 1's jurisdiction. On July 31, 2002, Piotrowski & Gebis finalized the audit report.

On August 16, 2002, Plaintiffs filed their Pretrial Order, in which they list Stelzer as a witness who *will* be called as a witness and Clausen and Hebda as witnesses who *may* be called as witnesses. Defendants then moved, pursuant to Federal Rule of Civil 37(c)(1), to bar the testimony of these witnesses because they were not disclosed in Plaintiffs' Rule 26 disclosures and answers to interrogatories or in amendments thereto and that Defendants have been prejudiced by Plaintiffs' failure to disclose.

## ANALYSIS

Federal Rule of Civil Procedure 37(c) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted

to use as evidence at trial . . . any witness . . . not so disclosed." Fed.R.Civ.P. 37(c)(1). The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery. *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condominium Ass'n*, No. 00 C 1110, 2002 WL 356483, at *4 (N.D. Ill. Mar. 5, 2002). The failure to disclose must be unjustified and harmful in order to warrant exclusion of the evidence. *See Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000).

Rule 26(a) requires parties to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses". Rule 26(e) requires parties to supplement their disclosures and to amend a prior response to an interrogatory "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1).

As to Hebda, Plaintiffs had no duty to supplement their Rule 26 disclosures or their answers to Defendants' First Set of Interrogatories because his identity was made known to Defendants in the course of discovery. Brian Kingsbury, a Local No. 1 organizer, testified during his deposition on April 26, 2001, that Hebda was the individual who signed the Compliance Agreements on behalf of Local No. 1. Mr. Kingsbury testified that Hebda was Local No. 1's Secretary and Treasurer. These agreements were also signed by Linear's president, which indicates that Linear was aware of Hebda's identity and involvement in this case. However, Defendants never sought to depose Hebda or additional discovery regarding Hebda. Therefore, Defendants' Motion in Limine is denied with

respect to Hebda. *See Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N. Ind. 1998) (holding Rule 26(e) duty to supplement initial disclosures was satisfied when the other party learned the identities of witnesses during another witness's deposition).

Plaintiffs had no duty to supplement their Rule 26 disclosures or answers to interrogatories with respect to Stelzer. In their answers to Defendants' First Set of Interrogatories, Plaintiffs indicated that they intended to call a representative of Piotrowski & Gebis as a witness to testify about the audit findings. Stelzer is a representative of Piotrowski & Gebis. Defendants were advised of Plaintiffs' intent to call a Piotrowski & Gebis representative during the discovery process. Moreover, the final report from Piotrowski & Gebis was not available until July 31, 2002; Stelzer, the representative from that firm, was then disclosed on August 16, 2002. Therefore, Defendants' Motion in Limine is denied with respect to Stelzer.

Further, Defendants have not demonstrated that they would suffer any harm from Plaintiffs' failure to disclose Stelzer, Hebda, or Clausen. As was noted above, testimony will be excluded when the failure to disclose is unjustified and harmful. *Sherrod*, 223 F.3d at 612. Therefore, Defendants' Motion in Limine is denied with respect to Clausen.

### CONCLUSION

For the reasons stated herein, Defendants' Motion in Limine is denied.

IT IS SO ORDERED.

John W. Darrah, Judge
United States District Court

Date: October 10, 2002

-5-