# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6172 | **DATE** | 1/8/2004 |
| **CASE TITLE** | Weiland vs. Linear Construction Ltd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiffs' bill of costs is granted in part and denied in part. Plaintiffs are awarded $230.00 in costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 08 2004 | 74 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | '04 JAN -9 AM 2:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE WEILAND, as Trustee; STRUCTURAL IRONWORKERS LOCAL NO.1 PENSION TRUST FUND; and STRUCTURAL IRON WORKERS LOCAL NO. 1 ANNUITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>LINEAR CONSTRUCTION, LTD. and JJM CONSTRUCTION, INC.<br><br>Defendants. | No: 00 C 6172<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, George Weiland, Structural Ironworkers Local No. 1 Pension Trust Fund, and Structural Iron Workers Local No. 1 Annuity Fund, filed suit against Defendants, Linear Construction Co. and JJM Construction, Inc., to collect unpaid contributions, interest, liquidated damages, and audit fees that Defendants were obligated to pay. The case proceeded to a bench trial, and judgment was entered in favor of Plaintiffs and against Defendants. Presently before the Court is Plaintiffs' Bill of Costs. For the reasons that follow, that motion is granted in part and denied in part.

## BACKGROUND

A more detailed explanation of the facts is set out in this Court's March 24, 2003 Opinion and Order, granting judgment to Plaintiffs. *Weiland v. Linear Constr. Ltd.*, 00 C 6172, 2003 WL 1565846 (N.D. Ill. Mar. 24, 2003).

## LEGAL STANDARD

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*"Weeks"*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

## ANALYSIS

Plaintiffs, the prevailing party, seek to recover costs for : (1) computer research fees; (2) fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; (3) fees for service of summons; (4) fees for copies of papers necessarily obtained in the case; (5) fees for obtaining certified copies of documents from the Illinois Secretary of State and (6) filing fees of the Clerk. In total, Plaintiffs seek $6,832.53 from Defendants.

Plaintiffs seek $1,978.73 for computer research fees. However, as Defendants point out, computerized legal research expenses are not recoverable as costs under § 1920. *See Haroco v. Am. Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (explaining that computerized legal research expenses are "considered attorney's fees"). Therefore, Plaintiffs cannot recover computer research fees.

Plaintiffs also ask for $3,182.90 for transcripts necessarily obtained for use in the case. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. *Amerisure Ins. Co. v. Roll Serv., Inc.*, No. 01 C 5292, 2003 U.S. Dist. LEXIS 11221, at * 3 (N.D. Ill. July 2, 2003).

Here, Plaintiffs gave no indication of the total amount of transcript pages requested. Plaintiffs also failed to state whether an original transcript or a copy of a transcript was purchased. In addition, Plaintiffs failed to state the cost of any single transcript page. Plaintiffs did not attach any invoices, receipts, or any other documents indicating the costs. Therefore, it cannot be determined whether the requested fees were reasonable or permitted under the Judicial Conference guidelines; and Plaintiffs' request is denied.

Plaintiffs also seek $481.00 to serve two people. "Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. The Marshal's Service charges $40.00 for the first hour and $20.00 for every hour thereafter." *Hall v. City of Chicago*, No. 98 C 4682, 2003 U.S. Dist. LEXIS 11220, at *7 (N.D. Ill. July 2, 2003) (citations omitted). In this case, Plaintiffs failed to specify how long it took to effectuate service on each person. Therefore, Plaintiffs can only be reasonably granted $80.00, the minimum cost to effectuate service on two persons using the Marshal's Service.

Next, Plaintiffs request $958.90 for copies. This amount includes a separate invoice of $136.50 for a combined binding and copy charge. A party may recover costs of copies provided to the Court and opposing counsel; it cannot recover costs for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Copy rates of $ 0.10 to $ 0.20 have been found to be reasonable. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 U.S. Dist. LEXIS 7204, at * 6 (N.D. Ill. Apr. 30, 2003). Here, with the exception of the separate binding/copy invoice, the copies were billed at $.20 per page for 4,110 pages. However, based on the information submitted by Plaintiffs, it cannot be determined whether the copies were reasonably necessary for use in this case or for whom the copies were made. Plaintiffs also fail to separately delineate the charges for the separate binding/copy invoice, nor do they give any proof explaining whether these charges were necessarily incurred. Accordingly, Plaintiffs may not recover costs for copies.

Plaintiffs seek $81.00 for certified copies of annual reports from the Illinois Secretary of State. Plaintiffs give no indication as to why these costs were incurred, why these costs are necessary, or whether these costs are authorized under § 1920. Therefore, Plaintiffs may not recover this amount.

Finally, Plaintiffs ask for $150.00 for filing the Complaint with the Clerk of the United States District Court for the Northern District of Illinois. This amount is recoverable under § 1920, and it is the amount the Clerk charges. Accordingly, Plaintiffs may recover $150.00 for filing fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Bill of Costs is granted in part and denied in part. Plaintiffs are awarded $230.00 in costs.

Dated: January 8, 2003

JOHN W. DARRAH
United States District Judge